

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00021-CR

---

NATHAN GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-417369, Honorable Douglas H. Freitag, Presiding

---

March 13, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Nathan Garcia, appeals his conviction for evading arrest using a vehicle[1] and sentence of two years' confinement. The appellate record was originally due February 8, 2024. Although Appellant has made payment arrangements for the reporter's record, due March 22, 2024, he has not made payment arrangements for the clerk's record. *See* TEX. R. APP. P. 20.2; 35.3(a)(2). By letter, we directed Appellant to make the

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

necessary payment arrangements by February 20 or we would remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 20.2, 37.3(a)(2). To date, Appellant has not made payment arrangements for the clerk's record and has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court to determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent;

3.      whether Appellant is entitled to have the clerk's record furnished without charge pursuant to Rule of Appellate Procedure 20.2;

4.      if Appellant is not entitled to have the clerk's record furnished without charge, the date Appellant will make acceptable payment arrangements for the clerk's record;

5.      whether Appellant's counsel has abandoned the appeal;

6.      whether Appellant has been denied the effective assistance of counsel; and

7.      whether new counsel should be appointed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 12, 2024. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should Appellant pay for the clerk's record on or before March 27, 2024, Appellant's counsel is directed to immediately notify the trial court in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam